

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2004

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2589

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Clark" (2004). *2004 Decisions.* Paper 775.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/775

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2589

———

UNITED STATES OF AMERICA

v.

TAMMY CLARK,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cr-00018-04)
District Judge: Hon. Gary L. Lancaster

———

Submitted under Third Circuit LAR 34.1(a)
April 1, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed: April 26, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write for the parties only, the background of this case is not set forth.

This appeal by Tammy Clark requires us to decide whether her sentence should be

vacated and the proceedings remanded for resentencing with instructions to the district court to clarify why it did not grant a downward departure for sentencing manipulation.

In the document "Defendant's Position with Respect to Sentencing Factors," Clark contended before the district court that holding Clark responsible for nine firearms was improper because the government alone determined the length of the sting operation and, thus, the number of firearms involved. Clark asked the district court not to impose a three-level offense increase holding Clark responsible for all nine firearms, pursuant to United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(1)(C) (Nov. 2000), and to reduce the offense level by four because Clark played a minimal role in the illegal sales, pursuant to U.S.S.G. § 3B1.2(a).

The district court found that Clark was less culpable than other participants in the conspiracy and that her role could be described as minor but not minimal. The district court accordingly granted Clark a two-level reduction pursuant to U.S.S.G. § 3B1.2(b). Because the offense involved nine firearms, however, the district court increased the offense level by three pursuant to U.S.S.G. § 2K2.1(b)(1)(C). With an offense level of 15 and a criminal history category of I, the Guidelines yielded a sentence of 18 to 24 months imprisonment.

Clark contends that "[t]he District Court erred in not considering the sentencing manipulation aspect of this case." (Br. of Appellant at 13.) She asks this court to instruct the district court to explain why it did not grant a downward departure, but at no time did

Clark request or even mention a downward departure before the district court.

Clark's relevant arguments in "Defendant's Position with Respect to Sentencing Factors" were limited to the contention that she should not receive a three-level enhancement for nine firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(C). In that document, she did not mention a downward departure. Likewise, at the sentencing hearing, she did not request a downward departure; rather, her arguments focused on her alleged minimal role in the criminal activity and the alleged unfairness that other participants in the illegal firearms sales received favorable sentences because they pleaded guilty rather than going to trial.

The district court did consider – and reject – Clark's argument that she should not be held responsible for nine firearms, pursuant to U.S.S.G. § 2K2.1(b)(1)(C), because the government prolonged its investigation merely to include more firearms. It is not clear that Clark has challenged the district court's conclusion on this issue, but even if she had, the district court did not err in determining that Clark was responsible for nine firearms. As noted by the probation officer, Clark participated in the actual exchange of six firearms and in the ordering of three more firearms.

The district court stated that it had reviewed the Presentence Investigation Report, which concluded that "[t]he probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines." (PSIR ¶ 74; App. at 28-29.) In sentencing Clark without granting any

3

downward departure, the district court did not commit a plain error affecting Clark's substantial rights and seriously affecting the fairness, integrity or public reputation of judicial proceedings. The cases cited by Clark do not lead to the conclusion that she warrants a new sentencing hearing on downward departure. See United States v. Drozdowski, 313 F.3d 819, 825 n.3 (3d Cir. 2002) (concluding there was no merit in a defendant's argument that he should have been granted a downward departure because "the disparity between Drozdowski's sentence and those of his co-defendants was due to allegedly improper charging decisions by the Government"); United States v. Okey, 47 F.3d 238, 240-241 (7th Cir. 1995) (noting the reluctance of some courts to recognize sentencing manipulation claims and rejecting a defendant's argument that the government unduly prolonged its investigation).

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———